# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

No. 12-11037
Summary Calendar

Lyle W. Cayce
Clerk

JAMES ANTHONY WARREN,

Plaintiff-Appellant

v.

THE ESTATE OF HENRY WADE, Dallas County District Attorney; BILL HILL, Dallas County District Attorney; FAITH SIMMONS, Dallas County District Attorney; CRAIG WATKINS, Dallas County District Attorney; LARISSA T. ROEDER, Dallas County Asst. District Attorney,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-938

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Anthony Warren, Texas prisoner # 1334008, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed his complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A, reasoning that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court also denied Warren's motion to proceed IFP on appeal and certified that this appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11037

By moving to proceed IFP here, Warren is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Warren's bare assertions that *Heck* does not apply to his case are insufficient to show that the district court erred in certifying that his appeal was not taken in good faith. *See id.*; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). His remaining assertions do not concern *Heck* and likewise do not demonstrate a nonfrivolous issue for appeal. The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

Warren filed a prior civil suit that was dismissed by the district court under § 1915A(b)(1) for failure to state a claim, a decision from which he did not appeal. *Warren v. Hunt Cnty. Criminal Justice Ctr.*, No. 3:97-CV-705-R (N.D. Tex. Apr. 30, 1997). That prior dismissal counts as one strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Based on the district court's dismissal of his instant complaint and our dismissal of this appeal as frivolous, Warren has accumulated two additional strikes, for a total of at least three strikes under § 1915(g). *See id.* at 388. Thus, Warren may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

In addition, we warn Warren that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Warren is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.